# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JEFFERY ARISTOTLE PECORARO, | No. 58058-6-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, | |
| Respondent. | |

LEE, J. — Jeffery A. Pecoraro appeals the superior court's order granting summary judgment in favor of the State and dismissing his declaratory judgment action seeking to have Substitute Senate Bill 5753 (SSB 5753) declared unconstitutional. Pecoraro argues that SSB 5753 is unconstitutional because it removes a citizenship requirement for persons appointed to serve on certain health regulatory bodies.

The superior court properly granted summary judgment in favor of the State. Accordingly, we affirm the superior court's order granting summary judgment in favor of the State.

## FACTS

In March 2022, the legislature passed SSB 5753. SUBSTITUTE S.B (S.S.B.) 5753, 67th Leg., Reg. Sess. (Wash. 2022). On March 30, the Governor signed the bill into law. LAWS OF 2022, ch. 240. As relevant here, SSB 5753 removed the citizenship requirement for members

appointed to several health regulatory boards in the state.[1] *See e.g.* S.S.B. 5753 § 2 ("Members must be ((citizens of the United States and)) residents of this state.").

On April 25, Pecoraro filed a declaratory judgment action, alleging SSB 5753 was unconstitutional because the Washington Constitution requires state officers to be United States citizens. Pecoraro's complaint relied on article III, section 25 of the Washington Constitution, which requires state officers to be United States citizens.[2]

Pecoraro then filed a motion for summary judgment. In his motion for summary judgment, Pecoraro argued that there are political rights which prevent noncitizens from participating in government—essentially United States citizens have the right to be governed only by other United States citizens.

The superior court ruled that there was no genuine issue of material fact and the State was entitled to judgment as a matter of law. Therefore, the superior court granted summary judgment to the State.

Pecoraro appeals.

---

[1] For reference, the legislature removed the citizenship requirement for members serving on the following boards: Dental Quality Assurance Commission, Board of Nursing Home Administrators, Veterinary Board of Governors, Examining Board of Psychology, Pharmacy Quality Assurance Commission, Optometry Board, Board of Osteopathic Medicine and Surgery, Orthotics and Prosthetics Advisory Committee, Chiropractic Quality Assurance Commission, Nursing Care Quality Assurance Commission, and Washington Medical Commission. S.S.B. 5753 §§ 2, 4, 7, 10, 13, 23, 27, 30, 31, 32, 33.

[2] In *State ex rel. Tattersall v. Yelle*, 52 Wn.2d 856, 864, 329 P.2d 841 (1958), our Supreme Court held that the citizenship requirement for state officers in article III, section 25 "appl[ies] only to the elected 'state officers' named in Art. III, § 1," specifically governor, lieutenant governor, secretary of state, treasurer, auditor, attorney general, superintendent of public instruction, and commissioner of public lands. On appeal, Pecoraro only argues that SSB 5753 infringes on "citizens' political and due process rights" to avoid revisiting *Tattersall*. Br. of Appellant at 1. Because Pecoraro has abandoned his claim that SSB 5753 is unconstitutional under article III, section 25, we only address his argument that SSB 5753 violates his political and due process right to be governed only by United States citizens.

2

ANALYSIS

A.    SSB 5753

Pecoraro argues that SSB 5753 is unconstitutional because due process provides that citizens have the unenumerated political right to only be governed by United States citizens. We disagree.

We review orders on summary judgment de novo. *Frausto v. Yakima HMA, LLC*, 188 Wn.2d 227, 231, 393 P.3d 776 (2017). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). When the facts are not in dispute, the court may order summary judgment in favor of the nonmoving party. *See Impecoven v. Dep't of Revenue*, 120 Wn.2d 357, 365, 841 P.2d 752 (1992).

Article I, section 30 of the Washington Constitution provides, "The enumeration in this Constitution of certain rights shall not be construed to deny others retained by the people." And article I, section 32 provides, "A frequent recurrence to fundamental principles is essential to the security of individual right and the perpetuity of free government." Neither of these provisions provide a right to only be governed by United States' citizens.

However, Pecoraro asserts these provisions incorporate the unenumerated political right to be governed by United States' citizens recognized in *Foley v. Connelie*, 435 U.S. 291, 98 S. Ct. 1067, 55 L. Ed. 2d 287 (1978) and *Herriott v. City of Seattle*, 81 Wn.2d 48, 500 P.2d 101 (1972). But neither of these cases establish the broad political right Pecoraro claims.

In *Foley*, the United States Supreme Court held that a statute requiring members of the state police force to be United States citizens did not violate the equal protection clause. 435 U.S. at 299-300. The Court recognized that "the police function is essentially a description of one of the basic functions of government" that required a very high degree of judgment and discretion.

3

*Id*. at 297-98. This important participation in government function justified requiring police officers to be United States citizens if the legislature chose to do so. *Id*. at 300 ("A State *may*, therefore, consonant with the Constitution, confine the performance of this important public responsibility to citizens of the United States.") (emphasis added).

Similarly, in *Herriott*, our Supreme Court addressed whether the City of Seattle could impose a United States citizenship requirement in order for transit operators to apply to take the civil service examination. 81 Wn.2d at 50. Our Supreme Court held the citizenship requirement violated equal protection because the city failed to show a reasonable relationship between the citizenship requirements and qualification to take the civil service examination. *Id*. at 61. The court recognized that there were political rights—the right to vote, to hold elective office, and to serve as a juror—that distinguish aliens from citizens. *Id*. at 61-62. When the characteristics of a particular position requires exercise of political rights or fidelity of allegiance to this country, the government can establish a rational relationship between the position and a citizenship requirement, *if* the government chooses to impose one. *Id*. at 63. Because transit operator required neither the exercise of political rights nor fidelity of allegiance, the city's citizenship requirement violated equal protection. *Id*.

Neither *Foley* nor *Herriott* establish that citizenship is a requirement for non-elected positions that require the execution of basic functions of government or political rights. Similarly, neither case establishes that United States citizens have the exclusive right to be governed only by United States citizens. Instead, these cases establish that participation in the function of government or exercise of political rights can justify a citizenship requirement if the legislature chooses to impose one.

Here, the legislature has exercised its discretion and determined that a citizenship requirement to serve on health regulatory boards is not necessary. This is a decision within the legislature's right to make and is not restrained by constitutional requirements. *See State ex rel. Tattersall v. Yelle*, 52 Wn.2d 856, 861-62, 329 P.2d 841 (1958) ("The state constitution is not a grant, but a restriction, of legislative power, and the power of the legislature to enact laws is unrestrained except where it is expressly or inferentially prohibited by the state or Federal constitution."). Accordingly, the superior court properly granted summary judgment in favor of the State.

B.      ATTORNEY FEES ON APPEAL

Pecoraro, a self-represented litigant, requests attorney fees and costs under RAP 18.1 and RAP 14.2. Under RAP 18.1(a), attorney fees may be awarded on appeal if applicable law grants a party the right to recover reasonable attorney fees. However, self-represented litigants are not entitled to recover attorney fees. *See West v. Thurston County*, 168 Wn. App. 162, 195, 275 P.3d 1200 (2012).

Under RAP 14.2, costs may be awarded to the party that substantially prevails on appeal. Because we affirm the superior court's decision, Pecoraro is not the substantially prevailing party. Accordingly, we deny Pecoraro's request for attorney fees and costs on appeal.

We affirm the superior court's order granting summary judgment in favor of the State.[3]

---

[3] In his reply brief, Pecoraro moved to stay the superior court's judgment in order to prevent SSB 5753 from becoming effective. Under RAP 17.4(d), "A party may include in a brief only a motion which, if granted, would preclude hearing the case on the merits." Accordingly, it is improper to include a motion to stay the superior court in in a reply brief, and we do not consider Pecoraro's motion to stay.

No. 58058-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, A.C.J.

Price, J.